IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE STATIONERY STUDIO, LLC, and JONROB HOLDINGS, LLC, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) ) ) **JURY TRIAL DEMANDED** |
| Zazzle, Inc. | ) ) |
| *Defendant.* | |

# COMPLAINT

Plaintiffs The Stationery Studio, LLC ("The Stationery Studio") and JonRob Holdings, LLC ("JRH") (collectively, "Plaintiffs") by its counsel, bring this action against Defendant Zazzle, Inc. ("Defendant" or "Zazzle") for trademark infringement.

## THE PARTIES

1. The Stationery Studio, LLC is an Illinois company with its principal place of business at 975 Weiland Rd # 250, Buffalo Grove, IL 60089.

2. JonRob Holdings LLC is an Illinois company with its principal place of business at 460 Newtown Dr., Buffalo Grove, IL 60089.

3. On information and belief, Zazzle is a California Corporation with its principal place of business at 1800 Seaport Blvd, Redwood City, California 94063.

## INTRODUCTION

4. This action arises from Defendant's intentional and knowing misappropriation of Plaintiffs' goodwill and established trademarks, STATIONERY STUDIO and THE STATIONERY STUDIO, in order to siphon customers to its business.

5. Plaintiffs made several attempts to resolve this matter without the Court's intervention, and those attempts were ignored by Zazzle. Plaintiffs now must bring this lawsuit to protect their valuable brand name and goodwill.

**Plaintiffs' Business and Trademark**

6. Renee Redman started The Stationery Studio in 1994 in her home. Originally, The Stationery Studio sold invitations, stationery, and other printed materials from catalogs.

7. In August of 1998, Ms. Redman recognized the power and value of the internet and started www.thestationerystudio.com. The Stationery Studio was one of the first customized product providers on the internet. In 1999, The Stationery Studio made its first sale via its website. TheStationeryStudio.com soon became one of the first online personalized stationery businesses in the country. Each year, the website continued to grow to accommodate its busy daily traffic flow and to showcase thousands of customized stationery and gift items. The website has evolved into a premier personalized stationery and gift business, currently offering more than 12,000 personalized products with more than 500,000 page views a per day, on average. With a highly-trained in-house team of savvy professionals, customer service has grown to become the cornerstone of the company.

8. TheStationeryStudio.com has won numerous distinguished honors, including the "2012 Trendy Online Stationer of the Year Award" from *Stationery Trends Magazine*, the industry's highest honor, plus numerous awards from its manufacturers as their top reseller year in and year out.

9. The company's social media sites have soared in popularity, reaching more than 20,000 followers on Facebook. The Studio Notes blog, Pinterest boards and Twitter pages are also followed by an ever-growing customer base and industry insiders.

10. With its mass popularity and success, TheStationeryStudio.com has garnered a great deal of national media recognition, including frequent product mentions on NBC's *the Today Show*, ABC's *Good Morning America* and *The View*, and the *Rachael Ray Show*. TheStationeryStudio.com also had products featured in National publications like *Martha Stewart Weddings*, *HGTV Magazine*, *O The Oprah Magazine*, *In Style Magazine*, *Real Simple* M, *The Washington Post*, *Us Weekly*, *Woman's Day Magazine*, *Good Housekeeping Magazine*, *People*, *Bride Magazine* and other highly-acclaimed press outlets.

11. The Stationery Studio consistently invests considerable resources in its online presence, including web advertising and search engine optimization in order to publicize its brand and maintain its goodwill.

12. Due to The Stationery Studio's time and financial investments in its website and its brand, and the multitude of press coverage, consumers have a strong affiliation between "Stationery Studio" and Plaintiff's website "TheStationeryStudio.com".

**Plaintiffs' Trademarks**

13. As The Stationery Studio's business grew, it took certain precautions to safeguard its goodwill and brand name.

14. As one example, it transferred all ownership rights in its trademarks and goodwill to JonRob Holdings, who then granted an exclusive license in the trademarks back to The Stationery Studio.

15. In addition, on September 19, 2008, JonRob Holdings filed for two U.S. Trademark Registrations, one for "Stationery Studio" and one for "The Stationery Studio," both for "On-line retail store services featuring personalized products, namely, stationery, calling cards, business cards, address labels, mailing labels, wedding announcements, wedding

invitations, bridal shower invitations, birth announcements, birthday invitations, graduation announcements, moving cards, envelopes, fax cover sheets, recipe cards, luggage tags, notepads, napkins, gift bags, postcards, holiday cards, wood products, lamps, waste baskets, photo frames, crystal goods, plastic goods, jewelry, clothing, soap, stampers, embossers, furniture, and ceramic goods."

16. The USPTO published both marks for opposition on September 22, 2009 and registered both marks on December 8, 2009.

17. The USPTO assigned Serial No. 77/574,290 to "Stationery Studio" and later registered the Mark as Registration No. 3,720,791.

18. Likewise, the USPTO assigned Serial No. 77/574,214 to "The Stationery Studio" and later registered the mark as Registration No. 3,720,789.

19. The Stationery Studio holds an exclusive license for both trademarks, and uses both trademarks in conjunction with its online business described above.

20. On December 16, 2014, JRH filed a Declaration and Use and Incontestibility under Sections 8 and 15 of the Trademark Act (15 U.S.C. §§ 1058 and 1065) for "Stationery Studio". On January 7, 2015, the USPTO issued a Notice of Acceptance for the declarations under Sections 8 and 15.

21. Based on the January 7, 2015 Notice of Acceptance, Trademark Registration No. 3,720,791 for "Stationery Studio" has achieved incontestability status.

**Defendant's Use of Plaintiffs' Trademark**

22. Defendant runs and operates the website located at the domain www.zazzle.com. Defendant describes that website as offering "Personalized Gifts, Custom Products & Décor."

4

23. Defendant competes with The Stationery Studio for customers desiring customized and personalized products. Defendant and The Stationery Studio offer similar customized and personalized products via their respective websites.

Consumer Confusion Created by Defendant's Use of "Stationery Studio"

24. Starting in 2018 and continuing in 2019, Zazzle modified its search term parameters for the Bing and Yahoo! search engines to direct potential customers searching for "Stationery Studio", "The Stationery Studio", and "The Stationery Studio, LLC", among others, to Zazzle's website.

25. For example, under certain conditions, a Bing search for "Stationery Studio" yields the following results:



26. Likewise, a Bing search for "The Stationery Studio" yields similar results:



27. Additionally, a search for "stationary studio llc" includes the following result on the Bing search engine:

28. Running similar searches on the Yahoo! Search engine yields similar results.

29. These search results have created actual customer confusion. Customers and consumers searching for The Stationery Studio's business are misdirected or confused, and end up on Zazzle's website.

30. On information and belief, Defendant's business has benefited from the goodwill and notoriety associated with Plaintiffs' marks.

6

31. On information and belief, one or more customers searching for "Stationery Studio" or "The Stationery Studio" (or similar searches) ended up visiting Zazzle.com or one of Defendant's webpages.

32. On information and belief, Plaintiffs' businesses have been harmed by the diversion of customers from The Stationery Studio's website to Defendants' website based on Defendants' improper and illegal uses of Plaintiffs' trademarks.

<u>Defendant Knowingly and Willingly Infringed Plaintiffs' Trademarks</u>

33. As Zazzle and The Stationery Studio are competitors, on information and belief, Zazzle knew of Plaintiffs' marks and intentionally used them to confuse consumers.

34. On information and belief, Zazzle knowingly and intentionally took actions, including paying for advertisements, to customize the search results on Bing and Yahoo! search to take advantage of Plaintiffs' marks.

35. On December 17, 2018, counsel for Plaintiffs wrote to Ms. Melanie Sherk, General Counsel for Zazzle, and requested that Zazzle cease and desist its use of Plaintiffs' Marks. Zazzle never responded to that letter.

36. Several weeks later, on January 4, 2018, counsel for Plaintiffs again wrote to Ms. Sherk, and reiterated Plaintiffs' request that Zazzle cease and desist all use of Plaintiffs' Marks. As of the filing of this complaint, Zazzle has not responded to either letter.

37. Starting in 2018 and continuing in 2019, Zazzle modified its search term parameters for the Bing and Yahoo! search engines to direct potential customers searching for "Stationery Studio", "The Stationery Studio", and "The Stationery Studio, LLC", among others, to Zazzle's website.

**JURISDICTION AND VENUE**

38. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

39. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein have occurred, and continue to occur, in this judicial District. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action, based upon information and belief, arise as a result of Defendant doing and transacting business within this District, by unlawfully promoting its products and services within this District, by unlawfully marketing its products and services to prospective purchasers within this district, and/or by infringing Plaintiffs' trademarks which originated within this District.

40. This Court has personal jurisdiction over Defendant. On information and belief, Defendant purposefully availed itself of the benefits and protections of this District by soliciting and/or conducting business with residents of this District, and/or by operating its website which targeted residents of this District. On information and belief, this Court also has personal jurisdiction over Defendant because it violated Plaintiffs' trademarks, thus harming Plaintiffs who are residents of this District.

**COUNT I – TRADEMARK INFRINGEMENT**

41. Plaintiffs repeat and reallege paragraphs 1 through 40 above as though fully set forth and incorporated herein.

42. Plaintiffs' federally registered trademarks are inherently distinctive, incontestable, and continue to acquire substantial distinctiveness and goodwill in the marketplace through The Stationery Studio's use of those marks in commerce. As a result of The Stationery Studio's

8

widespread and continuous use, its marks have become associated in the minds of the relevant purchasing public with www.thestationerystudio.com.

43. Defendant has illegally promoted its online website which provides customized and personalized goods by using Plaintiffs' trademarks. Plaintiffs' and Defendant's respective websites and services are closely related, inasmuch as both parties' services are marketed and provided to provide on-line retail store services featuring customized and personalized products.

44. Defendant's use of Plaintiffs' trademarks has caused, and is likely to continue to cause, confusion in the minds of the consuming public, leading the public to believe that Defendant's website emanate or originate from The Stationery Studio, and/or that Plaintiffs have approved, sponsored or otherwise associated themselves with Defendant, which is false.

45. Upon information and belief, Defendant's use of Plaintiffs' marks has exploited, and is intended to exploit, the goodwill and reputation associated with those marks, and thus constitutes willful infringement.

46. Defendant's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to Plaintiffs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request a trial by jury and that judgment be entered in their favor and against Defendant as follows and that this Court:

A. Permanently enjoin and restrain Defendant from using Plaintiffs' trademarks in search engine results;

B. Award Plaintiffs any and all damages allowed under 15 U.S.C. § 1117 for Defendant's infringement of Plaintiffs' trademarks;

C. Find this case exceptional and award Plaintiffs their costs and expenses incurred in this proceeding, including, but not limited to, reasonable attorneys' fees; and

D. Award to Plaintiffs any other and further relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Benjamin J. Bradford
Benjamin J. Bradford
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 840-7224
bbradford@jenner.com